## DUNNING CONSTRUCTION CO. et al. v. KING et al.

No. 24392.   Dec. 18, 1934.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

John J. Carney, Clifford W. Clift, and Arnold T. Fleig, for respondents.

McNEILL, J.  This is an original action to review an award of the State Industrial Commission.  The respondent, on July 22, 1931, sustained an accidental personal injury by falling from a scaffold at a distance from 10 to 20 feet.  Employee's first notice of injury was filed July 29, 1931, in which the nature of the injury was described as injury to left arm, left eye, and right wrist, right eye disfigurement.  On August 4, 1931, petitioner filed a report of initial payment of compensation showing that compensation was started on July 28, 1931, and was paid to August 3, 1931.  On November 2, 1931, petitioner filed a motion to determine the extent of disability, and on November 12, 1931, respondent filed a second employee's first notice of injury, in which the cause of accident was described:

"Form on which I stood while working fell and I fell 30 feet"

—and in which the nature and extent of injury was described as:

"Fracture of skull in left temporal region; triple fracture of bones in left wrist; some of tendons of right wrist ruptured; large nail driven through palm of right hand; severe injury including fracture of bones of left knee; left shoulder dislocated; severe strain and injury to both upper and lower bones of left jaw, causing stiffness and pain; injury to both eyes causing almost total loss of vision to left eye and partial loss of vision to right eye; injury to left side of body and left chest; injury to spinal column; injury to neck; concussion of brain. Date returned to work—have not returned; partial deafness of both ears; severe injury to entire nervous system."

Evidence was heard on a number of occasions by the State Industrial Commission, and on December 14, 1932, it entered its award.  The material part of the findings being as follows:

"2.  Arising out of and in the course of his said employment claimant on July 22, 1931, sustained an accidental personal injury arising to the left wrist, shoulder and head, and as a result of which he was temporarily totally disabled from the date of said accident to October 4, 1932.

"3.  As a further result of said accidental injury, claimant has suffered a permanent partial disability by reason of which his wage-earning capacity is now $9 per week, or the decrease of $11.77 per week, the average wage of claimant at the time of said injury having been $20.77 per week; and, as a result of the aforementioned injury and resulting permanent partial disability, claimant is entitled to 66⅔ per cent. of the difference between his average weekly wage at the time of said injury, and his wage-earning capacity after October 4, 1932, and during the continuance of such permanent partial disability, not to exceed 300 weeks.

"The Commission is of the opinion: On consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $13.85 per week, computed from July 27, 1931, to October 4, 1932, for the temporary total disability hereinbefore mentioned.

"The Commission is further of the opinion: On consideration of said facts, that claimant is entitled to further compensation at the rate of $8 per week computed from October 4, 1932, until further order of the Commission, not to exceed 300 weeks, for the permanent partial disability hereinbefore described, and said cause is to remain subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party at interest."

The petitioners urge the following proposition:

"Where the record shows conclusively that compensation for temporary total disability has been paid for a period of time, and the Industrial Commission in the order appealed from makes an award of compensation for the same period of time, with no provision for a deduction, the award is not supported by competent evidence, and is therefore contrary to law, and should be reversed."

The petitioners concede that the respondent sustained an injury while engaged in a hazardous employment, and was therefore entitled to compensation for the period of temporary total disability and is entitled to some compensaton for permanent partial disability. It is not disputed that compensation for temporary total disability was paid from July 28, 1931, to October 26, 1931, inclusive, at the rate of $13.85 per week, and that other payments for temporary total disability were made, but the extent of such payments do not appear in the evidence. The Commission found that the respondent was entitled to compensation for temporary total disability from July 27, 1931, to October 4, 1932, and ordered such compensation paid, but made no finding as to what payments, if any, have been made by the petitioners for temporary total disability. If the petitioners can show to the Commission that any payments of compensation for temporary total disability have been made to the respondent, the same should be credited on the award for temporary total disability.

The petitioners concede that the respondent sustained an accidental personal injury while engaged in a hazardous employment, and was entitled to compensation for a period of temporary total disability, but they contend that there is no competent evidence supporting the finding that the respondent's temporary total disability continued to October 4, 1932. Dr. E. R. Valberg testified on January 11, 1932, that he had examined the respondent in August, 1931, October, 1931, and twice later, the last time being on January 14, 1932. He testified on December 7, 1932, that he examined the respondent on December 7, 1932, and his evidence clearly is to the effect that at these times the respondent was not able to do ordinary manual labor. Dr. H. Walter Todd testified that he had examined the respondent on February 5, 1932, and, in substance, testified that respondent's vision was 20/40 in the right eye and 20/30 in the left eye, and that he had 30 per cent. loss of vision as a result of a contusion of the brain due to the injury, which affected the brain tissue. The evidence of these physicians is corroborated by other medical testimony and the testimony of the respondent himself. On June 5, 1932, the petitioners sent the respondent to a hospital for treatment and he remained there until October 4, 1932. The record does not disclose whether the respondent was examined or treated by a physician from February 5, 1932, to June 20, 1932, but, while the same is conflicting, considering all the evidence as to his condition prior to and since such period of time, it reasonably shows that by reason of the accidental injury he was temporarily totally disabled from the time of the injury until October 4, 1932, as found by the Commission.

While the testimony is conflicting, it reasonably supports the findings of the Commission relative to the degree of permanent partial disability.

The award is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur.